In re the Matter of Allen
C. MATTSON.

Michael A. Quillen, Appellant,

v.

State of Indiana, Appellee.

Nos. 05A02–0701–CR–95,
05A05–0701–CR–6.

Court of Appeals of Indiana.

Nov. 16, 2007.

Before the Panel: The Honorable L. MARK BAILEY, The Honorable MELISSA M. MAY, and The Honorable GEORGE B. HOFFMAN, JR., Senior Judge.

PER CURIAM.

This matter came before the Court as the result of an October 29, 2007 order requiring attorney Allen C. Mattson ("Mattson") to appear and show cause why he should not be held in contempt of court for his disregard of the Indiana Supreme Court's Indiana Rules of Appellate Procedure and the orders of the Indiana Court of Appeals. The conduct in question occurred during Mattson's representation of Michael A. Quillen, a criminal defendant for whom Mattson had been court-appointed appellate counsel. During the course of the contempt proceedings, Mattson brought to the attention of the Court that he had behaved similarly in *Emigdio Lopez v. State of Indiana*, Cause No. 05A05–0701–CR–6.

Following the issuance of the October 29, 2007 order, the Court of Appeals filed an Information In Support of a Rule To Show Cause ("Information") outlining the allegations of contempt against Mattson. The October 29, 2007 order required Mattson to appear and show cause at a hearing conducted on November 14, 2007. At the November 14, 2007 hearing, Mattson admitted the veracity of the allegations contained in the Information, many of which are summarized below.

On May 10, 2006, Mattson was appointed trial counsel by the Honorable Bruce C. Bade, Blackford Circuit Court, to represent Michael A. Quillen ("Quillen"). Following a jury trial, on August 31, 2006, Quillen was convicted of one count of Child Molesting as a class A felony and four counts of child molesting as a class C felony. On September 26, 2006, Quillen was sentenced to thirty years. On September 26, 2006, Mattson was appointed to represent Quillen to perfect his appeal.

On October 26, 2006, counsel filed a Notice of Appeal on behalf of Quillen. On February 20, 2007, the Notice of Completion of Transcript was filed, making Quillen's opening Brief due on or before March 21, 2007. On March 14, 2007, Mattson filed his first Motion for Extension of Time In Which To File Brief. The extension of time to file brief was granted to and including April 16, 2007.

On April 13, 2007, Mattson filed a Second Verified Motion For Extension Of Time To File Appellant's Brief. The extension was granted to and including May 9, 2007, as a final extension. Mattson failed to file the Appellant's Brief and Appendix by that deadline. On May 24, 2007, Mattson filed a Belated Motion For Extension Of Time To File Appellant's Brief. On June 4, 2007, Appellant's Belated Motion For Extension Of Time To File Appellant's Brief was granted, and Appellant was ordered to file his Brief and Appendix on or before Friday, June 8, 2007, as a final extension.

On June 8, 2007, Mattson tendered a Plea For Extension Of Time To File Appellant's Brief with an insufficient Certificate of Service. Following the issuance of

a Notice of Defect by the Clerk of this Court, this Plea was replaced on June 22, 2007 with a corrected filing, and on July 5, 2007, Appellant was granted until July 10, 2007, to file his Brief and Appendix. Mattson failed to file the Appellant's Brief and Appendix by that deadline.

On July 30, 2007, Mattson filed a Belated Notice Of Cause And Plea For Extension Of Time To File Appellant's Brief ("Belated Notice") asking for an additional 30 days to obtain a corrected Record and file the Appellant's Brief. In this Belated Notice, Mattson contended that the Clerk's Record was incomplete as it contained no copy of the search warrant, evidence of a search warrant or inventory. On July 25, 2007, the Clerk of Blackford Circuit Court had filed her Amended Notice of Completion of Clerk's Record, noting the correction to the Record.

On August 13, 2007, Appellant was granted an additional fifteen days, as a final extension. In addition to stating that it was a final extension, this Court's order noted, "more than 130 days have elapsed since the due date for filing Appellant's Brief and Appendix. Appellant's Belated Notice Of Cause And Plea For Extension Of Time To File Appellant's Brief is not well taken." The August 13, 2007 order also contained the express warning that: "Failure to comply with this order shall subject this appeal to dismissal."

The Brief and Appendix were not timely filed, and Appellant's appeal was dismissed on September 12, 2007. On September 22, 2007, Mattson tendered Appellant's Prayer To Reinstate Appeal. This Prayer To Reinstate Appeal was returned to Mattson on September 28, 2007, with a Notice of Defect indicating a defective Certificate of Service.

On October 5, 2007, Mattson filed Appellant's Prayer To Reinstate Appeal (Resubmitted). On October 29, 2007, the Prayer To Reinstate Appeal (Resubmitted) was granted. Quillen's appeal was reinstated under the above-referenced Cause Number, and Mattson was ordered to file Appellant's Brief and Appendix within five days of the date of the order. In addition to reinstating the appeal, the October 29, 2007 order also required Mattson to appear at the hearing on November 14, 2007.

On November 14, 2007, Mattson faxed a Response to the Court in anticipation of the hearing that day. In his Response, Mattson indicated that he had generated a situation similar to that outlined above as court-appointed appellate counsel in *Lopez*. In *Lopez*, Mattson was to perfect the appeal of Emigdio Lopez, who had been convicted of Murder on March 2, 2006, and was sentenced to 65 years on October 5, 2006. A review of the appellate docket in *Lopez* on November 14, 2007, showed that Mattson was the attorney of record for Emigdio Lopez, and that the Appellant's Brief and Appendix were due, pursuant to a final extension, on or before July 30, 2007. As of November 14, 2007, the Appellant's Brief and Appendix had not been filed, and the case had been transmitted to the Court to be dismissed. At the November 14, 2007 hearing, Mattson confirmed this, and asserted that his client was not at fault.

At the November 14, 2007 hearing, Mattson also described a series of physical health problems from which he had been suffering, and expressed a commitment to receive further medical treatment. Following the hearing, the Court recessed and returned to issue its findings and conclusions in open court.

The Court found Mattson in contempt. The Court acknowledged that in mitigation of his contempt, Mattson presented evidence in his Response and at the hearing that he had been suffering from physical

health issues that had impaired his ability to be productive and timely comply with this Court's orders and deadlines. As a result, the Court ordered the following, among other things: (1) Mattson must withdraw his appearance for Quillen and Lopez, and the Brief and Appendix that Mattson had tendered on behalf of Quillen would be returned to him; (2) The Blackford Circuit Court was ordered to appoint new counsel to represent Quillen and Lopez within 10 days; (3) newly-appointed counsel was directed to file the respective Appellants' Briefs and Appendices within 60 days of the date of the order; (4) Mattson must forfeit all appellate fees for his legal services in the matters of *Michael A. Quillen v. State of Indiana*, Cause No. 05A02–0701–CR–95 and *Emigdio Lopez v. State of Indiana*, Cause No. 05A05–0701–CR–6, and any appellate fees already paid to Mattson shall be returned to the payor; (5) a fine in the amount of $250.00 was imposed upon Mattson for his contempt, however, the payment of the fine was stayed subject to Mattson successfully contacting the Indiana Judges and Lawyers Assistance Program (JLAP).[1] See In Re The Matter Of Allen C. Mattson (published order).

As indicated in that order, we now issue this published opinion to document the circumstances surrounding the finding of contempt against Mattson.

IN RE THE MATTER OF ALLEN C. MATTSON

MICHAEL A. QUILLEN, Appellant,

v.

STATE OF INDIANA, Appellee,

EMIGDIO LOPEZ, Appellant,

v.

STATE OF INDIANA, Appellee.

#### *ORDER*

JOHN G. BAKER, Chief Judge.

These matters came before the Court as the result of an October 29, 2007 order requiring attorney Allen C. Mattson ("Mattson") to appear and show cause why he should not be held in contempt of court for his disregard of the Indiana Supreme Court's Indiana Appellate Rules and the orders of the Indiana Court of Appeals. The conduct in question occurred during Mattson's representation of Michael A. Quillen, a criminal defendant for whom Mattson had been appointed appellate counsel by the Blackford Circuit Court. During the course of the contempt proceedings, Mattson brought to the attention of the Court that his conduct had been similar in *Emigdio Lopez v. State of Indiana*, Cause No. 05A05-0701-CR-6. Mattson had also been appointed by the Blackford Circuit Court to serve as appellate counsel for Lopez in that case.

The October 29, 2007 order required Mattson to appear and show cause at a hearing conducted on November 14, 2007. Following the issuance of the October 29, 2007 order, the Court of Appeals filed an Information In Support of a Rule To Show Cause ("Information") outlining the allegations of contempt against Mattson. At the November 14, 2007 hearing, Mattson admitted the veracity of the allegations contained in the Information.

---

1. JLAP, established pursuant to Indiana Admission and Discipline Rule 31, provides assistance to judges, lawyers, and law students who suffer from physical or mental disabilities resulting from disease, chemical dependency, mental health problems, or age that impair their ability to practice or serve.

In addition, on November 14, 2007, Mattson faxed a Response to the Court in anticipation of the hearing that day. In his Response, Mattson identified the *Lopez* case as one the Court may also want to consider during the contempt proceedings. A review of the docket in *Lopez v. State* on November 14, 2007, showed that Mattson was the attorney of record for Lopez, and that the Appellant's Brief and Appendix were due, pursuant to a final extension, on or before July 30, 2007. As of November 14, 2007, the Appellant's Brief and Appendix had not been filed, and the case had been transmitted to the Court to be dismissed. At the November 14, 2007 hearing, Mattson confirmed this.

Following the hearing, the Court took a brief recess and returned to issue its findings in open court.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

(1) Allen C. Mattson is found to be in contempt of this Court.

(2) The Clerk of this Court is DIRECTED to file the Response tendered by Mattson on November 14, 2007.

(3) Mattson is ORDERED to withdraw his appearance for Michael A. Quillen in Cause No. 05A02-0701-CR-95 and Emigdio Lopez in Cause No. 05A05-0701-CR-6 within three days of the date of this order.

(4) The clerk of this Court is DIRECTED to return to Mattson the Appellant's Briefs and Appendix tendered by Mattson in 05A02-0701-CR-95.

(5) The Blackford Circuit Court is ORDERED to appoint new counsel to represent Michael A. Quillen and Emigdio Lopez in their respective criminal appeals within 10 days of the date of this order.

(6) Counsel newly appointed to represent Michael A. Quillen and Emigdio Lopez are ORDERED to file their respective Appellant's Briefs and Appendices within 60 days of the date of this order.

(7) Mattson shall FORFEIT all appellate fees for his legal services in the matters of *Michael A. Quillen v. State of Indiana*, Cause No. 05A02-0701-CR-95 and *Emigdio Lopez v. State of Indiana*, Cause No. 05A05-0701-CR-6. Appellate fees previously paid to Mattson shall be returned to the payor within 10 days of the date of this order.

(8) Mattson shall pay a fine in the amount of $250.00 for his contempt. Mattson is directed to the Indiana Judges and Lawyers Assistance Program (JLAP).[1] The payment of the fine is stayed pending the outcome of his contact with JLAP.

(9) The Clerk of this Court is DIRECTED to send a copy of this order to the Allen C. Mattson, the parties, the State Public Defender, the Blackford County Public Defender Agency, the Honorable Bruce C. Bade, Blackford Circuit Court Judge, and the Blackford Circuit Court Clerk.

(10) The Blackford Circuit Court Clerk shall file a copy of this order under Lower Cause Nos. 05C01-0504-FA-12 and 05C01-0404-MR-11.

(11) An opinion setting forth the factual findings and conclusions made by the Panel shall be handed down in conjunction with this order.

(12) The Clerk of this Court is directed to send copies of said order to the West Publishing Company and to all other ser-

---

1. JLAP, established pursuant to Indiana Admission and Discipline Rule 31, provides assistance to judges, lawyers, and law students who suffer from physical or mental disabilities resulting from disease, chemical dependency, mental health problems, or age that impair their ability to practice or serve.

vices to which published orders are normally sent.

ORDERED this 16th day of November, 2007.

BAILEY, MAY, JJ., HOFFMAN, Sr.J., concur.